UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Annamarie D. Riethmiller,
a/k/a/ Annamarie ? "Last Name
Uncertain"[1] and 649 Others

   v.                               Civil No. 12-cv-363-PB

Electors for the State of New Hampshire

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Florida, has filed "Motion for Delcaratory [sic] Orders and an Interdict" (doc. no. 1), and "Civil Rights Complaint" (doc. no. 4). The court construes the two pleadings, jointly, as the complaint. This action is identical to, and filed within days of, actions Riethmiller filed in at least seventeen other United States District Courts around the country.[2] In the complaint, Riethmiller, on behalf of

---

[1] Riethmiller indicates that she is uncertain of her legal name after her divorce. The court refers to her as Annamarie Riethmiller.

[2] See e.g., Riethmiller v. Electors., No. 2:12-cv-00823-WKW-SRW (M.D. Ala. Sept. 24, 2012); LNU v. Electors, No. 4:12-cv-00494-MHW (D. Idaho Sept. 24, 2012); Riethmiller v. Electors, No. 1:12-cv-00335-WCL-RBC (N.D. Ind. Sept. 24, 2012); Riethmiller v. Electors, No. 5:12-cv-04117-JTM-DJW (D. Kan. Sept. 24, 2012); Riethmiller v. Unknown Parties, No. 1:12-cv-1043-JTN-ESC (W.D. Mich. Sept. 24, 2012); Riethmiller v. Electors, No. 4:12-cv-01739-CAS (E.D. Mo. Sept. 24, 2012); Last Name Uncertain v. Electors, No. 3:12-cv-00085-KKK (D.N.D. Sept.

herself and 649 unnamed plaintiffs, seeks, among other things: (1) a declaratory order stating that Barack Obama is ineligible to be a candidate for President; (2) injunctive relief preventing the Electors from allowing President Obama to be a candidate for President; and (3) criminal action against President Obama and all others who have participated in matters in which President Obama acted or failed to act in a manner that violated the United States Constitution and the President's oath of office.

The matter is presently before the court for preliminary review, to determine, among other things, whether the action is frivolous or malicious, fails to state a claim upon which relief might be granted, seeks monetary relief from a defendant immune from such relief, or fails to invoke the subject matter jurisdiction of this court. See 28 U.S.C. § 1915(e)(2) and

---

24, 2012); Last Name Uncertain v. Electors, No. 6:12-cv-01725-AA (D. Or. Sept. 24, 2012); Riethmiller v. Electors, No. 4:12-cv-40127-TSH (D. Mass. Sept. 24, 2012); Riethmiller v. Unknown Parties, No. 2:12cv02034 (D. Ariz. Sept. 25, 2012); Annamarie Last Name Uncertain v. Electors, No. CV 12-164-M-DLC-JCL (D. Mont. Sept. 25, 2012); Riethmiller v. Electors, No. 1:12-cv-00906-RJA (W.D.N.Y. Sept. 25, 2012); Riethmiller v. Electors, No. 2:12-cv-00548-TOR (E.D. Wash. Sept. 26, 2012); Riethmiller v. Electors, No. 4:12-cv-00106-RAJ (W.D. Tex. Sept. 28, 2012); Riethmiller v. Does, No. 3:12-cv-00128-CDL-MSH (M.D. Ga. Sept. 28, 2012); Riethmiller v. Electors, No. 1:12-cv-00058-JPJ-PMS, 2012 WL 4742363 (W.D. Va. Oct. 2, 2012); Annamarie ? Last Name Uncertain v. Electors, No. 3:12CV-602-H, 2012 WL 5398565, *1 (W.D. La. Nov. 5, 2012).

United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).  The court has reviewed the complaint, construing it liberally, as it is required to do for pleadings filed by pro se litigants.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional."  As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.

Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325, 327-28 (1989)); see also Miller v. Kennebec Cnty. Sheriff's Dep't, 54 F.3d 764, 1995 WL 281644, *1 (1st Cir. 1995) (unpublished table decision).

Without recounting the factual assertions made in Riethmiller's dense, convoluted, and rambling pleadings, the court finds that Riethmiller's action is based on delusion and asserts no basis for relief in fact or law.  The court notes that this conclusion has also been reached by a number of other district courts who have ordered dismissal of Riethmiller's identical complaints.  See e.g., Riethmiller v. Electors, No. CV 12-2034-PHX-JAT, 2012 WL 5416603, *1 (D. Ariz. Nov. 6, 2012) (complaint is "irrational or wholly incredible"); Last Name

Uncertain v. Electors, No. CV 12-164-M-DLC-JCL, 2012 WL 5879607, *2 (D. Mont. Oct. 17, 2012) (complaint is frivolous, fanciful, delusional, fantastic, irrational, and incredible), report and recommendation adopted by, 2012 WL 5879606, *1 (D. Mont. Nov. 21, 2012); Riethmiller v. Electors, No. 1:12CV00058, 2012 WL 4742363, *1 (W.D. Va. Oct. 4, 2012) (complaint is frivolous and has no arguable basis in law or fact); Last Name Uncertain v. Electors, No. 1:12-cv-00906-RJA (W.D.N.Y. Oct. 3, 2012) (complaint is "wholly and utterly delusional"); Riethmiller v. Electors, No. 4:12-CV01739-CAS (E.D. Mo. Sept. 27, 2012) ("fifty-two pages of nonsensical and delusional allegations"); Riethmiller v. Electors, No. 12-CV-0548-TOR (E.D. Wash. Sept. 26, 2012) ("action is frivolous because it is a product of delusion or fantasy").  Because Riethmiller's action is frivolous, the complaint should be dismissed.

## Conclusion

For the foregoing reasons, the court should find the claims frivolous and dismiss the complaint.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De

4

Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                                            _____
                                                            Landya McCafferty
                                                            United States Magistrate Judge

December 11, 2012

cc:  Annamarie Riethmiller, pro se

LBM:jba